IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **JOE HAND PROMOTIONS, INC.** | **PLAINTIFF** |
| v. | CAUSE NO. 1:21cv307-LG-RPM |
| **CIGARS EL PURO'S PERFECTO LLC d/b/a PERFECTO CIGAR SHOP, THE HUMIDOR AT HATTIESBURG LLC d/b/a THE HUMIDOR AT HATTIESBURG, and MATTHEW SCOTT SENGE** | **DEFENDANTS** |

## ORDER GRANTING MOTION FOR DEFAULT JUDGMENT

**BEFORE THE COURT** is the [12] Motion for Default Judgment as to All Defendants filed by Plaintiff Joe Hand Promotions, Inc.  Plaintiff moves this Court pursuant to Fed. R. Civ. P. 55(b)(2) for entry of default against Defendant Matthew Scott Senge, individually, and as an officer, director, shareholder, member and/or principal of Defendant Cigars El Puro's Perfecto LLC d/b/a Perfecto Cigar Shop and Defendant The Humidor at Hattiesburg LLC d/b/a The Humidor at Hattiesburg, for failure to answer, plead, or otherwise respond to Plaintiff's Complaint.  The crux of Plaintiff's lawsuit is that the Defendants broadcasted two Ultimate Fighting Championship fights without paying sublicense fees to Plaintiff.  Plaintiff seeks damages in the amount of $19,369.50, which includes attorney's fees.  Having reviewed the Motion, supporting evidence, the record in this action, and applicable law, the Court is of the opinion that the Motion should be granted.

## BACKGROUND

Plaintiff filed this lawsuit on September 28, 2021, pursuant to the Communications Act of 1934, 47 U.S.C. §§ 553 and 605. Defendants were served on October 27, 2021, making their answers due November 17, 2021. When none of the Defendants answered Plaintiff's Complaint, Plaintiff moved for a Clerk's Entry of Default on January 4, 2022. The Clerk entered default against the Defendants, and, on March 10, 2022, Plaintiff filed the instant Motion for Default Judgment as to All Defendants pursuant to Fed. R. Civ. P. 55(b)(2).

In the Motion, Plaintiff explains that it is a distributor of sports and entertainment programming to commercial establishments. It has a commercial licensing agreement to promote and distribute pay-per-view events on a closed-circuit television at commercial locations throughout the United States. The closed-circuit broadcast of such events is not for the use of the general public. Rather, commercial establishments purchase the right to exhibit certain programming from Plaintiff. The transmission of events is electronically coded or "scrambled" and in order to be telecasted clearly, it has to be decoded with electronic decoding equipment. The sublicense fee commercial establishments would pay to broadcast events from Plaintiff is calculated based on the occupancy of the establishment.

Here, Plaintiff had the exclusive commercial distribution rights to the following events at issue in this case: (1) the *Ultimate Fighting Championship® 229: Khabib Nurmagomedov vs. Conor McGregor* ("UFC 229"), on October 6, 2018; and (2) the *Ultimate Fighting Championship® 246: Conor McGregor vs. Donald*

*"Cowboy" Cerrone* ("UFC 246"), on January 18, 2020. (*See* Com. Licensing Agreement, ECF No. 13-1). Plaintiff alleges that Defendant Matthew Scott Senge unlawfully streamed the UFC fights at commercial establishments in which he owns, to wit, Defendants Perfecto Cigar Shop and The Humidor at Hattiesburg. Specifically, Plaintiff claims that Defendant Perfecto Cigar Shop broadcasted the UFC 229 fight in October 2018 with an occupancy level of about twenty-five people. (*See* Aff. of Lynn Cole, ECF No. 13-4). The UFC 246 fight was broadcasted in January 2020 at Defendant The Humidor at Hattiesburg, which had an occupancy level of about one hundred people. (*See* Aff. of Walter N. Burtanog IV, ECF No. 13-5). Neither of these Defendants paid the sublicense fees according to the applicable rate. (*See* Ex. B & C, Rate Cards, ECF Nos. 13-2, 13-3). Thus, Plaintiff claims that Defendants knowingly and willfully violated §§ 553 and 605.

Plaintiff seeks damages pursuant to § 605. Plaintiff states that, if Defendants would have legally licensed UFC 229 the licensing fee would have been $788, and the fee for the UFC 246 fight would have been $1,095. This does not account for the full extent of lost profits by Plaintiff, including suffered goodwill and reputation to legitimate commercial establishments that are licensed to receive the programming. Plaintiff claims that it is entitled to statutory damages under § 605(e)(3)(C)(ii), as well as damages for Defendants' willful acts of streaming the events for a private financial gain. *See* 47 U.S.C. § 605(e)(3)(C)(ii); *see also Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999). Thus, Plaintiff seeks damages as follows:

- Against Defendants Matthew Scott Senge and Perfecto Cigar Shop for the unauthorized broadcast of UFC 229 in the amount of $7,553.25;

- Against Defendants Matthew Scott Senge and The Humidor at Hattiesburg for the unauthorized broadcast of UFC 246 in the amount of $10,316.25; and

- Against all Defendants, jointly and severally, for attorney's fees in the amount of $1,500.

(Defs.' Mot., at 14-15, ECF No. 13).  The amount of damages totals $19,369.50.

## DISCUSSION

Under Federal Rule of Civil Procedure 55(b)(2), a party may apply to the Court to enter a default judgment in an action where the defendants have failed to plead or otherwise defend, as in this action.  The Court finds the Complaint's allegations are well-pleaded and should be accepted as true.  *See LPP Mortg. Ltd. v. TAZ, Inc.*, No. 2:14cv39-KS-MTP, 2014 WL 4273266, at *2 (S.D. Miss. Aug. 28, 2014) ("By his default, a defendant admits the well-pleaded allegations of fact in the complaint.").  Furthermore, the Court has received detailed affidavits and documentary evidence to substantiate the damages claimed from the Defendants' unlawful streaming of the UFC fights.  *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

Plaintiff will be awarded statutory damages pursuant to § 605(e)(3)(C)(i)(II) in the amounts of $2,364 against Defendants Matthew Scott Senge and Perfecto Cigar Shop and $3,285 against Defendants Matthew Scott Senge and The Humidor at Hattiesburg, which equates to triple the legal licensing fee for the establishments.  *See J & J Sports Prods., Inc. v. Smith*, No. 2:15-cv-119, 2015 WL 9275678, at *2 (S.D. Miss. Dec. 18, 2015).  Additionally, because the Court finds

Defendants' violation to be willfully committed, *see* § 605(e)(3)(C)(ii), and for the purpose of a commercial advantage, the Court will award an additional $4,728 against Defendants Matthew Scott Senge and Perfecto Cigar Shop and $6,570 against Defendants Matthew Scott Senge and The Humidor at Hattiesburg, in enhanced damages. *See id.* (awarding $6,600 in statutory damages and $13,200 enhanced damages). Plaintiff is also entitled to costs and attorney's fees in the amount of $2,422.50. (*See* Attorney Aff., at 1, ECF No. 15). Defendant Matthew Scott Senge is to be held individually liable. *See G&G Closed Circuit Events, LLC v. Alamo Card House, LLC*, No. SA-20-cv-1094, 2021 WL 5810558, at *5 (W.D. Tex. Dec. 7, 2021) (finding directors, members, and managers are held individually liable for the Communications Act violations under the theory of vicarious liability); *see also Joe Hand Promotions, Inc. v. 152 Bronx, L.P.*, 11 F. Supp. 3d 747, 753-54, 759 (S.D. Tex. 2014).

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [12] Motion for Default Judgment as to All Defendants filed by Plaintiff Joe Hand Promotions, Inc., is **GRANTED**. Plaintiff is awarded damages against Defendants Matthew Scott Senge and Perfecto Cigar Shop in the amount of $7,553.25 and against Defendants Matthew Scott Senge and The Humidor at Hattiesburg in the amount of $10,316.25. Attorney's fees in the amount of $1,500 are also warranted. The amount of damages totals $19,369.50. A separate Default Judgment will be entered.

– 6 –

**SO ORDERED AND ADJUDGED** this the 14th day of April, 2022.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE